# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|   |   |
|---|---|
| UNITED FACTORY FURNITURE CORP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMIMEE LYNN ALTERWITZ, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 2:12-cv-00059-KJD-VCF <br><br> **O R D E R** |

Before the court is the parties' Proposed Protective Order (#13) which the court approves, with the exception of certain language contained in Paragraph 6. This order also reminds counsel that there is a presumption of public access to judicial files and records. Language in Paragraph 6 of the parties' proposed stipulation was not approved and was deleted by the court. Paragraph 6 stated that any confidential information filed with a pleading or as evidence shall be filed in a sealed envelope. (#13).

While this was an accepted practice prior to the adoption of the court's electronic filing procedures, with a few exceptions not applicable here, the Clerk of the Court no longer maintains paper records. Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the court's electronic filing procedures. *See* LR 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.* Documents filed under seal are not accessible to the public.

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006):

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id.* "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1. Deleted language in Paragraph 6 of the parties' Proposed Protective Order (#13) is **NOT APPROVED**.

2. The parties shall comply with the requirements of LR 10-5(b), and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

. . .

. . .

3. The parties' Proposed Protective Order (#13), as modified and signed by the court, is **APPROVED.**

Dated this 27th day of February, 2012.

_____
**CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE**

```
 1  F. Christopher Austin (Bar No. 6559)
    austinc@gtlaw.com
 2  Laraine M. I. Burrell (Bar No. 8771)
    burrelll@gtlaw.com
 3  GREENBERG TRAURIG, LLP
    3773 Howard Hughes Parkway
 4  Suite 400 North
    Las Vegas, Nevada 89169
 5  Telephone: (702) 792-3773
    Facsimile: (702) 792-9002
 6
    Counsel for Plaintiff
 7  UNITED FACTORY FURNITURE CORP.
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED FACTORY FURNITURE CORP., a Nevada corporation, | CASE NO. 2:12-CV-00059-KJDF-VCF |
| Plaintiff, | ~~[PROPOSED]~~ PROTECTIVE ORDER |
| v. | |
| AIMEE LYNN ALTERWITZ, an individual, and CHIP GREEN, an individual, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

1. This Protective Order shall govern all documents, materials, depositions, testimony, transcripts, responses to requests for admissions, interrogatory responses, items, and/or other information obtained or provided through discovery in this action (collectively "Information") that a Party designates as "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to the terms hereof (collectively "Confidential Information").

2. Any Party that produces Information pursuant to discovery in this action and has a good faith and reasonable basis for claiming that such Information constitutes confidential and/or proprietary information may designate such Information as "Confidential Information." Any Party that produces Information pursuant to discovery in this action and has a reasonable basis for

1  claiming that such Information would not be sufficiently protected as "Confidential Information"
2  (for example, because of a significant competitive advantage that is likely to be gained from it) may
3  designate such Information as "Confidential" or "Confidential – Attorney's Eyes Only."

4      a.    For documents, materials, or other written Information, a Party shall designate
5  such Information as Confidential Information by conspicuously stamping or otherwise labeling each
6  page or item containing confidential information as "Confidential" or "Confidential -- Attorney's
7  Eyes Only."

8      b.    For interrogatories, designation shall be made by placing the legend
9  "Confidential" on any page(s) of any answer deemed to contain such confidential information,
10  indicating any portion of such page which does not contain such confidential information.
11  Alternatively, answers deemed to contain confidential information may be bound separately and
12  marked with the appropriate legend.

13      c.    For testimony, a Party shall designate such Information as Confidential
14  Information on the record or within 30 days after receipt of the official transcript. Until the 30 day
15  period has expired, the entire transcript shall be considered "Confidential-Attorney's Eyes Only".
16  Such Party shall also require the reporter to label the portion of the transcript containing the
17  information as "Confidential" or "Confidential – Attorney's Eyes Only."

18      d.    A Party's inadvertent or unintentional failure to designate Information as
19  Confidential Information shall not be deemed a waiver in whole or in part of that Party's claim of
20  confidentiality, if the disclosing Party takes prompt action after discovering such omission to notify
21  all Parties in writing that such Information constitutes Confidential Information. However, the Party
22  who received that Information without knowledge of its confidential nature may not be held in
23  violation of this Order for using or disclosing that Information before notification of the inadvertent
24  or unintentional failure to designate that Information as Confidential Information.

25      3.    The designation of information as "Confidential Information" pursuant to this
26  Confidentiality Agreement shall not preclude any party from disclosing that information to any
27  person who, in the case of a document, appears as the author or as a recipient thereof on the face of
28  the document, or from disclosing that information to any person who has been identified by the

Designating Party as having previously been provided with, or having had access to, the document or the information therein.

4. In the event a Designating Party elects to produce documents for inspection and the Receiving Party desires to inspect them before designating them for copying, the Designating Party need not mark the documents in advance of any such inspection. For purposes of the inspection, and any subsequent inspection of the original documents, all documents produced for inspection shall be deemed to be designated as Confidential Information. Thereafter, upon selection of specified documents for copying by the Receiving Party, the Designating Party may make the appropriate confidentiality designation at the time the copies are produced to the Receiving Party.

5. The Parties shall use information designated as Confidential or "Confidential – Attorney's Eyes Only" solely for purposes of this captioned action (including any appeals) and not for any other litigation or business or other purpose whatsoever, unless the Court permits such additional use or disclosure upon noticed Motion served on all parties, including the Party that produced the Confidential Information.

6. The Parties may use Confidential Information in discovery responses, motions, briefs, and other pleadings, may mark Confidential Information as exhibits, and may use Confidential Information in depositions and at trial in this action as appropriate. ~~However, Confidential Information filed with the pleadings or as evidence, and any pleadings or memoranda purporting to produce or paraphrase Confidential Information, shall be filed in sealed envelopes under the seal of this Court and shall not be available for public inspection. Except for Court personnel, no such envelopes containing Confidential Information shall be opened without an order from this Court identifying the person or persons who may have access to the sealed material and specifically identifying which portions of the Confidential Information may be revealed to them.~~

7. Except as provided in paragraph 4 above, or as otherwise agreed by the producing Party, the Parties shall not disclose information marked as "Confidential" to anyone other than a "Qualified Person." As used in this Protective Order, the term "Qualified Person" refers to (a) officers, directors, and employees of any party to this action who have provided their written agreement to the terms of this Protective Order in the form attached as Schedule A hereto and (i)

who are actively engaged in assisting counsel with the prosecution or defense of this action; or (ii) who are being advised by counsel regarding these actions and the particular disclosure is reasonably necessary with regard to the legal advice being rendered; (b) in-house lawyers who are engaged in preparation for trial and trial of this litigation, including the following necessary in-house staff: lawyers, accountants, legal assistants and stenographic and clerical employees assisting these person; (c) outside litigation counsel for a Party, including employees of such counsel (including necessary legal assistants and stenographic and clerical employees actually assisting such counsel and outside vendors engaged by such counsel to scan, copy, and/or code documents), for purposes of assisting in this action; (d) expert witnesses or consultants employed by a Party or its attorneys of record for purposes of assisting in this action who have provided their written agreement to the terms of this Protective Order in the form attached as Schedule A hereto; (d) any other person whose deposition is taken in this action and their attorney; provided, however, that Confidential Information may only be shown to said deponent and their attorney to the extent Confidential Information is used as deposition exhibit and, provided, however, that the deponent is not a principal, officer, director, or employee of a competitor of one of the parties. If a deposition is proposed to be taken of such an individual associated with a competitor and a party wishes to use "confidential information" in the deposition, the party wishing to do so shall provide notice to the opposing party at least thirty (30) days in advance in order to give the other party the opportunity to object to such a proposed use, and in the event that the parties cannot come to an agreement on the proposed use of "confidential information" for deposition, the objecting party may seek a protective order from the court; (e) any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or whom the Court directs shall have access to such information; and (f) the Court and court personnel, including without limitation, court reporters, stenographic reporters, court appointed Special Masters, and jurors, or alternates. This Protective Order shall not prohibit any disclosure of Confidential Information as may be required by law to persons other than "Qualified Persons", but only upon order of the Court after notice to all other Parties. With respect to those individuals who, pursuant to Confidentiality Stipulation paragraph, are required to sign a copy of Schedule A before receiving Confidential Information or information marked as

PROTECTIVE ORDER                         4

"Confidential – Attorney's Eyes Only", the parties agree that they shall mutually exchange all executed copies of "Schedule A' relating to this action at the close of expert discovery.

8. Except as provided in paragraph 4 above, or as otherwise agreed by the producing Party, the Parties shall not disclose information marked as "Confidential – Attorney's Eyes Only" to anyone other than the following subset of "Qualified Persons:" (a) outside counsel for a Party, and employees of such attorneys (including vendors), for purposes of assisting in this action; (b) any other person or entity as to whom counsel for the owner/proprietor of the confidential information agrees in writing, or whom the Court directs shall have access to such information; (c) expert witnesses or consultants employed by a Party or its attorneys of record for purposes of assisting in this action who have provided their written agreement to comply with the terms of this Protective Order in the form attached as Schedule A hereto; and (d) the Court and court personnel, including without limitation, court reporters, stenographic reporters, court appointed Special Masters, and jurors, or alternates. Prior to disclosing any information marked as "Confidential – Attorney's Eyes Only" to experts or consultants pursuant to this paragraph, Counsel for the party contemplating such disclosure shall determine that (i) disclosure to the expert of particular Highly Confidential Information is, in that counsel's good faith judgment, necessary to that party's prosecution of the case, (ii) the expert is not, and is not believe to intend to become affiliated with or employed by any entity that is or intends to be in the business of providing casino services, or a competitor of the opposing party, and (iii) counsel has formed a good faith and informed belief that the individual has not previously violated any confidentiality agreement or order and is not likely to violate the terms of this Confidentiality Agreement. No Qualified Person shall disclose any "Confidential – Attorneys' Eyes Only" information to any one other than a Qualified Person who falls within the limited subset of Qualified Persons identified in Paragraph 6; provided, however, this Protective Order shall not prohibit any disclosure of "Confidential – Attorney's Eyes Only" that may be required by law to persons other than "Qualified Persons", but only upon order of the Court after notice to all other Parties. Also, no Qualified Person shall: (a) use Confidential Information for any purpose other than in connection with this action; or (b) disclose Confidential Information to anyone other than a Qualified Person who has agreed in writing to the terms of this Protective Order in the

PROTECTIVE ORDER                                    5

form attached as Schedule A. No Qualified Person shall disclose any "Confidential – Attorneys' Eyes Only" information to any one other than a Qualified Person who falls within the limited subset of Qualified Persons identified in Paragraph 6.

    89. Within ninety (90) days from the conclusion of this litigation, whether by trial or by settlement, all Confidential Information, including any copies thereof, shall either be returned to the producing Party, or be certified as having been destroyed. Subject to the terms of this Protective Order, the attorneys of record, however, are permitted to keep a file copy of Confidential Information that was submitted to the Court, included in discovery responses, or contained in deposition transcripts. Also, the conclusion of this litigation shall not relieve any person to whom Confidential Information has been disclosed from the requirements of this Protective Order.

    10. If at any time during the pendency or trial of this action, any Party claims that another Party has unreasonably designated Information as "Confidential" or "Confidential – Attorney's Eyes Only," the objecting Party may, after a good faith attempt to resolve the dispute with such other Party, make an appropriate application to this Court, under seal, requesting that specifically identified Information be re-designated or excluded from the provisions of this Protective Order. If the Court determines that a parties' refusal to dedesignate the Information as "Confidential" or "Confidential – Attorney's Eyes Only" was in bad faith, the Court shall award the moving Party its reasonable attorney's fees and costs incurred in the application proceeding. The burden of proof with respect to the upholding the designation shall be on the Party designating the information as "Confidential" or "Confidential – Attorney's Eyes Only."

    11. Notwithstanding any other provision hereof, this Protective Order shall not apply to any Confidential Information that: (a) is or becomes generally available to the public from a source other than unauthorized disclosure by the Parties or their counsel, (b) becomes available to the Parties or their counsel on a non-confidential basis from a source other than the Parties or their counsel, or (c) is obtained outside discovery proceedings in this litigation through lawful means. Nothing in this Protective Order shall restrict the use of disclosure by a party of information that it alone has designated confidential. Nothing in this Protective Order shall make any documents designated as confidential by a party privileged or either inadmissible in evidence in any law and

1 motion matter or at trial, or precluded from production of the confidential documents in formal
2 discovery, or otherwise alter the obligation of parties to comply with discovery pursuant to the
3 Federal Rules of Civil Procedure, and any Local Rules of the Court.

4     12.     Nothing in this Protective Order shall be deemed to preclude any Party from
5 obtaining, on an appropriate showing, additional protection with respect to the confidentiality of any
6 Information produced in discovery in this action, or other modification of this Order. The entry of
7 this Protective Order shall neither constitute, nor be used as a basis for, a finding that any Party has
8 waived any objections that it may have to the use, relevance, or admissibility of any Information.

9     13.     The production of any document or other information during discovery in this action,
10 which absent such production would have been in whole or in part privileged under the attorney-
11 client privilege, work-product privilege, or any other applicable privilege, will not release or waive
12 the attorney-client privilege, work-product privilege, or other applicable privilege as to any
13 documents and other information not produced, regardless of its subject matter.

14     14.     This Protective Order shall remain in effect until modified, superseded, or terminated
15 by written consent of all Parties to this action or by further order of this Court.

16     15.     In the event that non-parties produce documents or information in connection with
17 this action, the parties agree that production of such documents or information shall be made subject
18 to the provisions of this Protective Order. The Parties shall agree to meet and designate all
19 production from non-parties as "Confidential" or "Confidential – Attorney's Eyes Only," or neither,
20 prior to any such production being filed, disseminated, released, submitted or made part of the Court
21 file or public record. In the event the parties are unable to agree on a designation of said production,
22 the parties may resort to the Court to determine the confidentiality of such information, but shall not
23 produce, file or disseminate any information for production prior to the Court's determination of the
24 classification of the information.

25     16.     In the event that a Party or non-Party witness to which Confidential Information has
26 been disclosed receives a discovery request, subpoena, order or other form of compulsory process
27 requiring that it (the "subpoenaed Party") produce information, documents, things or other materials
28 that have been designated as Confidential Information, the subpoenaed Party shall (a) within ten (10)

PROTECTIVE ORDER         7

1 days notify the designating Party of the demand by serving by facsimile upon counsel of record for
2 the designating Party a copy of said demand, and (b) not produce the information sought by the
3 demand until the designating party has had thirty (30) days from the date of service of the copy of
4 said demand to object or take other appropriate steps to protect the information.  If the designating
5 Party elects to resist production of the materials, it shall promptly so notify the subpoenaed Party and
6 the latter shall cooperate in affording the designating Party the opportunity to oppose or limit
7 production of the materials; provided that the designating Party shall bear all expenses, including
8 attorneys' fees, incurred by the subpoenaed Party in connection therewith.

17. Execution of this Confidentiality Agreement shall not prevent a party to this action from seeking, upon application to the Court on ten (10) business days notice, to modify this Confidentiality Agreement for good cause shown or from seeking such other relief upon good cause shown as may become appropriate or necessary.

16. This Protective Order shall be effective immediately when signed and shall survive the conclusion of this litigation.

**RESPECTFULLY SUBMITTED:**

DATED: February 22, 2012.

GREENBERG TRAURIG, LLP

/s/ F. Christopher Austin
F. Christopher Austin (Bar No. 6559)
Laraine M. I. Burrell (Bar No. 8771)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Counsel For Plaintiff
UNITED FACTORY FURNITURE CORP.

**IT IS SO ORDERED:**

DATED: 2-27-2012

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

PROTECTIVE ORDER                         8

## SCHEDULE "A" TO PROTECTIVE ORDER

### ACKNOWLEDGEMENT AND UNDERSTANDING
### Of Protective Order

I, _____, hereby acknowledge that I have read, understand and will hereby abide by the attached Protective Order filed _____, 2012 in the matter UNITED FACTORY FURNITURE CORP. v. ALTERWITZ, *et al.* Case No. 2:12-cv-00059             \

Dated this ____ day of _____, 2012.

_____