1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED FACTORY FURNITURE CORP,      )
                                    )        2:12-cv-00059-KJD -VCF
                          Plaintiff, )
                                    )        **O R D E R**
vs.                                 )
                                    )
AIMEE LYNN ALTERWITZ, *et al.*,     )
                                    )
                         Defendants.)
_____)

       Before the court are plaintiff United Factory Furniture Corp.'s Statement of Plaintiff's Submission of Proposed Computer Imaging Expert For Appointment By Court (#24) and defendants Aimee Lynn Alterwitz, *et al*'s Statement of Defendants' Submission of Proposed Computer Imaging Expert for Appointment By The Court (#25).

**Background**

       On February 12, 2012, plaintiff filed several motions (#10, #11, and #12) seeking, among other relief, a mirror-imaging order from the court pursuant to Fed. R. Civ. P. 26(b)(2).  On April 20, 2012, the court issued an order denying plaintiff's motions for an order to preserve evidence (#10) and for a preliminary injunction (#11), and granting plaintiff's motion for a mirror-imaging order (#12). (#23).  The court outlined a protocol for the parties to follow, stating that "[t]he court will appoint a computer expert (hereinafter "computer specialist") who specializes in the field of electronic discovery to create a mirror-image of defendants' computer and any devices that store electronic information that defendants have control over or possession of," and ordering the parties to meet and confer regarding the designation of the computer specialist.  *Id.*  The court stated that "[i]f the parties are unable to agree, each party shall submit to the court the name of and contact information for a suggested computer specialist by April 20, 2011." *Id.*

       On April 20, 2012, the parties submitted separate statements proposing different computer specialists to the court.  (#24 and #25).  Plaintiff asserts that plaintiff "attempted to meet and confer with defense counsel to identify a computer specialist approved by both parties and to be jointly submitted to

the [c]ourt," but that defense counsel "rejected [p]laintiff's recommendations and did not share their own recommendation with [p]laintiff for a computer specialist." (#24). Plaintiff individually submits computer specialist Mr. Steven G. Burgess, and provides the court with a copy of Mr. Burgess' curriculum vitae (#24 Exhibit 1). *Id.* In defendants' statement, they assert that at the time they conferred with plaintiff's counsel, defendants "were still confirming the availability of their own computer imaging expert and therefore could not submit an alternate name to the [p]laintiff for further discussion." (#25). Defendants individually submit computer specialist Mr. Jeremy Brummett, CISSP, MCSE, and provide the court with a copy of Mr. Brummett's curriculum vitae (#25 Exhibit A). *Id.* Defendants assert that the court should appoint Mr. Brummett not only for his excellent academic credentials and experience, but because appointing Mr. Brummett would conserve costs and expenses in carrying out the court's order, as Mr. Brummett lives and works locally in Las Vegas. *Id.*

The court reviewed both computer specialists submitted, and finds that both computer specialists are adequately qualified to conduct the mirror-imaging as contemplated by the court's order. (#23). In the interest of cost efficiency and equity, the court hereby appoints defendants' computer specialist Jeremy Brummett to conduct the mirror-imaging.

Accordingly, and for good cause shown,

IT IS ORDERED that computer specialist Jeremy Brummett is appointed to create a mirror-image pursuant to this court's order (#23). The parties and Mr. Brummett shall follow the court's protocol outlined below:

(1) Defense counsel shall meet with defendants in good faith to ascertain what personal/household computers and electronic devices defendants have in their possession or have previously had in their possession or under their control since July 1, 2008. Defense counsel must make those devices, which remain functional, available for mirror-imaging at the time agreed upon pursuant to section (3) below. Defense counsel shall provide a log of any applicable devices which are not functional or not under defendants' control. The log must indicate the type of device, the time-frame the device was functional and/or under defendants' control, and the current location/status of the device.

(2) Mr. Brummett will serve as an officer of the court, and any direct or indirect access he has to information protected by the attorney-client privilege will not result in a waiver of the attorney-client

privilege.  Mr. Brummett shall sign the protective order (#16) currently in effect in this action, and defendants shall file the same with the court within five (5) days from the entry of this order.  Any communications between Mr. Brummett and the plaintiff regarding payment shall be disclosed to defendants' counsel.

(3) The parties and Mr. Brummett shall work together to agree on a day and time to access defendants' computers and electronic devices as identified in section (1) above.  The mirror-imaging must be conducted within fourteen (14) days from the entry of this order.  All parties shall be informed of the date and time of the mirror-imaging, and only defense counsel shall be permitted to be present during the mirror-imaging process.

(4) After Mr. Brummett makes a mirror-image of the defendants' computers and electronic devices, Mr. Brummett shall deliver the storage device containing the mirror image to the United States District Court for the District of Nevada, 333 Las Vegas Blvd. Las Vegas, NV 89101, Clerk's Office c/o Roni Hayes within five (5) days from the date the mirror-image is created.  The mirror-image shall be delivered in a sealed envelope marked with the above captioned case number and a description of the contents of the envelope.  A copy of the order's mirror-imaging order (#23) shall be delivered with the mirror-image.  The mirror-image will be placed in the Clerk's Office vault and shall remain in the custody of the court through the course of this litigation.  If the plaintiff, at any time, has reason to believe that spoliation of evidence has occurred, it may move the court for access to the mirror-image.  If no such motion is filed, at the resolution this action, the mirror-image contained on the storage device shall be disposed of in accordance with paragraph (9) of the parties protective order (#16).

(5) Defendants shall provide Mr. Brummett with a copy of the court's mirror-imaging order (#23) and this order appointing Mr. Brummett as the computer specialist.

Dated this 24th day of April, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

3