# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED FACTORY FURNITURE CORP,

                   Plaintiff,

vs.

AIMEE LYNN ALTERWITZ, *et al.*,

                   Defendants.

2:12-cv-00059-KJD -VCF

**O R D E R**

Before the court is defendants' Motion for Appointment of Alternate Forensic Computer Specialist. (#28). Plaintiff filed an Opposition (#30), and defendants filed a Reply (#31).

**Background**

On February 12, 2012, plaintiff filed several motions (#10, #11, and #12) seeking, among other relief, a mirror-imaging order from the court pursuant to Fed. R. Civ. P. 26(b)(2). On April 20, 2012, the court issued an order denying plaintiff's motions for an order to preserve evidence (#10) and for a preliminary injunction (#11), and granting plaintiff's motion for a mirror-imaging order (#12). (#23). The court outlined a protocol for the parties to follow, stating that "[t]he court will appoint a computer expert (hereinafter "computer specialist") who specializes in the field of electronic discovery to create a mirror-image of defendants' computer and any devices that store electronic information that defendants have control over or possession of," and ordering the parties to meet and confer regarding the designation of the computer specialist. *Id.* The court stated that "[i]f the parties are unable to agree, each party shall submit to the court the name of and contact information for a suggested computer specialist by April 20, 2011." *Id.*

On April 20, 2012, the parties submitted separate statements proposing different computer specialists to the court. (#24 and #25). Plaintiff individually submitted computer specialist Mr. Steven G. Burgess, and provided the court with a copy of Mr. Burgess' curriculum vitae (#24 Exhibit 1). Defendants individually submitted computer specialist Mr. Jeremy Brummett, CISSP, MCSE, and provided the court with a copy of Mr. Brummett's curriculum vitae (#25 Exhibit A).

On April 24, 2012, the court issued an order holding that it is "[i]n the interest of cost efficiency and equity" to appoint local computer specialist Jeremy Brummett to conduct the mirror-imaging. (#26). On May 11, 2012, defendants filed a status report (#27) and a motion for appointment of alternate forensic computer specialist. (#28).

**Alternate Computer Specialist**

Defendants assert that the court should appoint an alternate computer specialist, Attorneys' Investigative Consultants, because counsel received an email from Mr. Brummett indicating that he "did not have the specific equipment required to image the older hard drives from the Dell computer." (#28). In opposition, plaintiff asserts that "[t]he fact that the computers are in the possession and/or control of the [d]efendants, and that they had the ability to identify the equipment to Mr. Brummett prior to designating him as an expert raises a concern as to the [d]efendants' ability to properly designate any forensic imaging expert whatsoever." (#30). Plaintiff asks this court to designate its computer specialist, Mr. Burgess, as defendants have already been given the opportunity to have their expert conduct the mirror imaging, and "failed at that task." *Id.* Plaintiff asserts that "Mr. Steven G. Burgess of Burgess Consulting is capable of the mirror-imaging task and is sufficiently skilled to determine whether any altered, deleted or moved files have been accessed by, or removed to other computer equipment." *Id.*

Defendants assert that "there is no indication that Mr. Brummett lacked expertise," and that he simply lacked the necessary equipment to access the older hard drives. (#31). Defendants ask this court to designate Attorneys' Investigative Consultants, as that is the company that Mr. Brummett suggested in his email. *Id.* In light of the fact that defendants' proposed computer specialist was unable to perform the necessary tasks pursuant to the court's order, the court finds that appointing plaintiff's computer specialist, Mr. Steven G. Burgess, is warranted.

Accordingly, and for good cause shown,

IT IS ORDERED defendants' Motion for Appointment of Alternate Forensic Computer Specialist (#28) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that the court's order appointing Mr. Brummett as the computer specialist (#26) is VACATED.

IT IS FURTHER ORDERED that computer specialist Mr. Steven G. Burgess is appointed to create

a mirror-image pursuant to this court's order (#23).  The parties and Mr. Steven G. Burgess shall follow the court's protocol outlined below:

(1) If not already completed, defense counsel shall meet with defendants in good faith to ascertain what personal/household computers and electronic devices defendants have in their possession or have previously had in their possession or under their control since July 1, 2008.  Defense counsel must make those devices, which remain functional, available for mirror-imaging at the time agreed upon pursuant to section (3) below.  Defense counsel shall provide a log of any applicable devices which are not functional or not under defendants' control.  The log must indicate the type of device, the time-frame the device was functional and/or under defendants' control, and the current location/status of the device.

(2) Mr. Steven G. Burgess will serve as an officer of the court, and any direct or indirect access he has to information protected by the attorney-client privilege will not result in a waiver of the attorney-client privilege.  Mr. Steven G. Burgess shall sign the protective order (#16) currently in effect in this action, and plaintiff shall file the same with the court within five (5) days from the entry of this order.  Any communications between Mr. Steven G. Burgess and the plaintiff regarding payment shall be disclosed to defendants' counsel.

(3) The parties and Mr. Steven G. Burgess shall work together to agree on a day and time to access defendants' computers and electronic devices as identified in section (1) above.  The mirror-imaging must be conducted within fourteen (14) days from the entry of this order.  All parties shall be informed of the date and time of the mirror-imaging, and only defense counsel shall be permitted to be present during the mirror-imaging process.

(4) After Mr. Steven G. Burgess makes a mirror-image of the defendants' computers and electronic devices, Mr. Steven G. Burgess shall deliver the storage device containing the mirror image to the United States District Court for the District of Nevada, 333 Las Vegas Blvd. Las Vegas, NV 89101, Clerk's Office c/o Roni Hayes within five (5) days from the date the mirror-image is created.  The mirror-image shall be delivered in a sealed envelope marked with the above captioned case number and a description of the contents of the envelope.  A copy of the order's mirror-imaging order (#23) shall be delivered with the mirror-image.  The mirror-image will be placed in the Clerk's Office vault and shall remain in the custody of the court through the course of this litigation.  If the plaintiff, at any time, has

reason to believe that spoliation of evidence has occurred, it may move the court for access to the mirror-image. If no such motion is filed, at the resolution of this action, the mirror-image contained on the storage device shall be disposed of in accordance with paragraph (9) of the parties protective order (#16).

(5) Plaintiff shall provide Mr. Steven G. Burgess with a copy of the court's mirror-imaging order (#23) and this order appointing Mr. Steven G. Burgess as the computer specialist.

Dated this 12th day of June, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**