# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED FACTORY FURNISHINGS CORP., | |
| Plaintiff, | Case No. 2:12-CV-00059 |
| v. | **ORDER** |
| AIMIE LYNN ALTERWITZ, *et al*., | |
| Defendants. | |

Presently before the Court is the Motion to Dismiss (#7) filed by Defendants Aimee Lynn Alterwitz ("Alterwitz") and Chip Green ("Green")(collectively "Defendants"). Plaintiff filed a response in opposition (#9) to which Defendants replied (#17).

I.  Background

Plaintiff United Factory Furniture Corp. ("UFFC") filed a Complaint against Defendants Alterwitz and Green on January 12, 2012. The Complaint asserts claims for: 1) violation of the Computer Fraud Abuse Act 18 U.S.C. §1030; 2) violation of the Unlawful Access of Computers

statute Nev. Rev. Stat. §§205.477 and 205.511; and 3) a breach of the Walker Furniture Employee Handbook, which contains restrictions on computer usage.

Defendant Alterwitz, along with her siblings and mother, have an ownership interest in UFFC which owns and operates Walker Furniture. Alterwitz and Green are married and were employees of Walker Furniture. Green was the MIS Director of Walker Furniture and his responsibilities included managing and maintaining Plaintiff's computer server and network services.

Alterwitz was terminated as an employee in 2009 and Green was terminated as an employee on or about June 8, 2008. Subsequently, Alterwitz filed a complaint in Nevada State Court against UFFC among others alleging 17 counts arising primarily out of alleged breaches of fiduciary duties.

UFFC alleges that it recently discovered that Defendants were accessing their server during the State Court action by using a "back door"- a method that allows remote access to a secure network.  UFFC's information technology manager inspected the server and network for potential vulnerabilities and allegedly discovered that Defendants had tampered with the system.  Plaintiff filed the instant lawsuit based on this conduct.

According to the allegations of the Complaint, Defendants used Green's knowledge and expertise with Walker Furniture's computer server and network to acquire confidential company records. Plaintiff also alleges that Defendants created the "back door" to access and manipulate confidential information including financial information, business plans, trade secrets, and employee records that were stored in the computer server and network.

Defendants argue that the Motion to Dismiss should be granted because Plaintiff has failed to properly allege specific damages in excess of $5,000 as a prerequisite pursuant to 1030(c)(4)(A)(i)(I), the claims asserted in the Complaint are compulsory counterclaims in the State Court action, and Plaintiff has failed to allege that the matter in controversy exceeds $75,000 as required for diversity jurisdiction. 28 U.S.C. §1332.

///

///

2

II.  Discussion

    A.  Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S. Ct. at 1949. The Iqbal evaluation illustrates a two-prong analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Ashcroft, 129 S. Ct. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Ashcroft, 129 S. Ct. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Ashcroft, 129 S. Ct. at 1950.

    B.  18 U.S.C §1030 Computer Fraud and Abuse Act

The Computer Fraud and Abuse Act ("CFAA") provides for criminal penalties when a defendant intentionally accesses a computer without authorization and obtains information from any protected computer if the conduct involved interstate commerce. 18 U.S.C. § 1030(a); see, e.g. LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1131 (9th Cir. 2009). CFAA Section 1030(g) provides a private right of action for victims to recover for damages arising from violations of the Act.

Plaintiffs claim that they are entitled to damages because they allege a loss arising from a violation of the Act in excess of $5,000 within a 1 year period.  §1030 (c)(4)(A)(i)(I).  Recovery pursuant to this section is restricted to economic damages. 18 U.S.C. §1030(g)  CFAA defines a "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its

3

condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

Defendants have moved to dismiss Plaintiff's CFAA claim asserting that Plaintiff has not properly alleged specific damages in excess of $5,000 in accordance with 18 U.S.C. §1030(c)(4)(A)(i)(I).  Plaintiff argues that it has alleged an amount in controversy exceeding $75,000 and sufficiently alleged that it was damaged when Defendants accessed sensitive financial information, trade secrets, and accounts payable. Plaintiff also alleges that it responded to the claimed loss by conducting a damage assessment, obtaining a mirror image of computer equipment, and argues that other consequential damages may be discovered.

In the CFAA, Congress defined "loss" broadly to include any reasonable cost, revenue lost, and other consequential damages. 18 U.S.C. § 1030(e)(11).  Plaintiff's  avers losses of this type. Plaintiffs have also attached several similar cases where plaintiffs were awarded damages in excess of $5,000.  It appears from the that the alleged losses will aggregate to at least $5,000 which meets the requisite amount. Accordingly, Defendants' motion to dismiss this claim is denied.

C.  Compulsory Counterclaims

The Nevada Rules of Civil Procedure require that, "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim…" Nev. R. Civ. P (13)(a), Fed. R. Civ. P. (13)(a) contains nearly identical language. The purpose of Nev. R. Civ. P 13(a) is to encourage swift adjudication of claims against the same parties in one action. Great W. Land & Cattle Corp. v. Sixth Judicial Dist. Court, 467 P.2d 1019, 1021 (Nev. 1970). "The general rule is that a claim must have matured before it will be subject to the compulsory counterclaim rule." Bennett v. Fid. & Deposit Co. of Maryland, 652 P.2d 1178, 1181 (Nev. 1982); See also Advisory Committee's note(e). A counterclaim that would have been based in an action but occurred after the serving of the defendant's answer is not a compulsory counterclaim. Madsen Const. Corp. v. Riverside County Mortg. & Loan Co., 291 P.2d 1056, 1057 (Nev. 1955).

4

Defendants assert that all of the claims alleged by Plaintiff should be compulsory counterclaims in the ongoing State Court action because the causes of action arise out of the same transaction or occurrence as the State Court claims.

At the time when the complaint in the State Court was served, the claims presented in this action for violations of CFAA, N.R.S §205.511, and breach of the Walker Furniture Employee Handbook were not considered mature because they had not been discovered. Whether a claim is "mature" under Rule 13(a), Fed. R. Civ. P. is synonymous with the inquiry whether the claims have accrued for the statute of limitations purposes. See Cabrera v. Courtesy Auto ,Inc., 192 F.Supp.2d 1012, 1015 (D. Nebr. 2002). CFAA provides a statute of limitations of 2 years from the date of the act complained of or the date of discovery. 18 U.S.C. § 1030(g). The claims presented in this action could not have been mature at the time the State complaint was served because maturity of the claim is dependant upon the discovery of the cause of action and allegedly these claims were not discovered until after the State complaint was served. Therefore, these claims were not compulsory counterclaims in the State Action. Accordingly, the Motion to Dismiss fails under the theory that these claims were compulsory counterclaims in the State Action.

D.  Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Pursuant to 28 U.S.C.A. § 1367(a) in cases involving both federal and state-law claims, state-law claims fall within the supplemental jurisdiction of federal courts. See Wisconsin Dept. of Correction v. Schacht, 524 U.S. 281 (1998).

A District Court of the United States has jurisdiction over Federal Questions. The CFAA is a law of the United States, as such this Court has subject matter jurisdiction bestowed upon it by 28 U.S.C. §1331. The Court has supplemental jurisdiction over the State law claims including the alleged violations of NRS 205.477 and breach of the Walker Furniture Employee Handbook because these claims are so related to the CFAA claim that they form part of the same case or controversy.

1  See 28 U.S.C. 1367(a). Accordingly, Defendants' Motion to Dismiss these claims for lack of
2  jurisdiction is denied.

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#7) Pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**.

DATED this 13th day of June 2012.

_____
Kent J. Dawson
United States District Judge